UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| MONIQUE SMITH | ) | |

ORDER

Pending before the Court are certain pretrial motions filed by Defendant Monique Smith, and the Government's Responses to the motions. The Court rules on the motions as follows:

– Monique Smith's Motion For Bill Of Particulars (Docket No. 456), Memorandum Of Law In Support (Docket No. 457), and the Government's Response (Docket No. 479). Through this Motion, the Defendant seeks a bill of particulars disclosing the following: (1) All known but unnamed coconspirators associated with the Superseding Indictment; (2) The date, place, and nature of each act of Defendant Smith or any co-conspirator done in furtherance of the conspiracy; (3) Notice of the means and methods of the alleged conspiracy; (4) Notice of the specific facts of the conspiracy; and (5) Notice of what the Government alleges Smith's role in the conspiracy was or what specifically Smith did.[1] In its Response, the Government contends

---

[1] The Second Superseding Indictment charges the Defendant with conspiracy to possess with intent to distribute, and to distribute, 280 grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute, and distribution of, a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Eleven, Fifteen, and Twenty); being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Twelve); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen); possession with intent to distribute, and distribution of, a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Counts Fourteen and Nineteen); and possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty-One). (Docket No. 370). Defendant's request for a bill of particulars is apparently

that a bill of particulars is unnecessary, and indicates that it has provided the Defendant with all known recordings relating to his case cataloged in a spreadsheet format; that it has shown defense counsel a lengthy and detailed powerpoint presentation highlighting the most incriminating aspects of the case against the Defendant; that it has provided the Defendant with unprivileged law enforcement reports; that it has offered, and has made a standing offer, to address questions and to permit inspections of physical items; and represents that it will disclose the witnesses it expects to call at trial, including any co-conspirators, 14 days prior to trial.

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

With respect to conspiracy allegations, the Sixth Circuit has held that the government is not required to furnish the names of all other co-conspirators in a bill of particulars. United States

---

limited to the conspiracy charge.

v. Vasser, 346 Fed. Appx. 17, 22 (6th Cir. Sept. 16, 2009).

The Court concludes that a bill of particulars is unnecessary in this case. The conspiracy count of the Second Superseding Indictment (Docket No. 370) is more than four pages long, provides the date range of the conspiracy, names eleven co-conspirators, states the elements of the offense, describes the Vice Lords organization and the drug trafficking and other activities of the organization. In addition to the information contained in the Second Superseding Indictment, the Government indicates that it has provided the Defendant with voluminous discovery, a presentation of the highlights of the case against the Defendant, and a standing offer to answer questions. The Defendant has not specified any particular questions that have not been answered by the Government. Under these circumstances, the Court concludes that Defendant's Motion For A Bill Of Particulars (Docket No. 456) should be DENIED.

– Monique Smith's Motion To Strike Alias From Indictment (Docket No. 461), and the Government's Response (Docket No. 480). Through this Motion, the Defendant requests that the Court order the Government to strike all references to the Defendant as "Money" in the Second Superseding Indictment. In its Response, the Government indicates that the alias is appropriate and probative of the Defendant's identity because the Defendant was known to the co-conspirators and an informant by that nickname.

The Sixth Circuit has held that, while the use of an alias in an indictment and at trial is generally disfavored, its use is permissible if it is necessary to connect the defendant with the acts charged. United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972); United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001). For example, the use of an alias is permissible where witnesses and co-conspirators know the defendant by the alias. United States v. Williams,

158 Fed. Appx. 651, 654-55 (6th Cir. Nov. 15, 2005). Based on the Government's representation that witnesses and/or co-conspirators knew the Defendant by the alias set forth in the Second Superseding Indictment, and given that the alias, "Money," is not inherently derogatory, the Court concludes that the Motion To Strike Alias From Indictment (Docket No. 461) should be DENIED.

– Monique Smith's Motion For Jury-Out *Enright* Hearing (Docket No. 449), Memorandum Of Law In Support (Docket No. 450), and the Government's Response (Docket No. 478). Through this Motion, the Defendant requests that the Court hold an evidentiary hearing two weeks prior to trial to determine the admissibility of all co-conspirator statements the Government seeks to introduce under Rule 801(d)(2)(E) of the Federal Rules of Evidence. The Government argues that the Court should make the admissibility determination at trial, pointing out that a pretrial evidentiary hearing would be lengthy given the conspiracy proof it intends to offer, and noting that such a hearing would require early disclosure of cooperating co-conspirators leading to concerns for witness safety. The Government also points out that the Defendant has not identified any specific objectionable statements, and notes that certain co-conspirator statements may be admitted through other evidentiary rules.

The Court concludes that the Defendant's Motion for Jury-Out *Enright* Hearing (Docket No. 449) should be DENIED, as the Court will follow the procedure used by the district court approved in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), through which the court admitted the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. See United States v. Robinson, 390 F.3d 853, 867-68 (6th Cir. 2004)("[W]e have long recognized the trial court's prerogative to conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of

the evidence.'")

    – Monique Smith's Motion For Rule 404(b) Evidence (Docket No. 458), and the Government's Response (Docket No. 477). Through this Motion, the Defendant seeks an order requiring the Government to disclose, 30 days prior to trial, all evidence it intends to offer at trial under Federal Rule of Evidence 404(b). In its Response, the Government indicates that it has already provided the Defendant with the required notice, specifically regarding the Defendant's prior conviction for sale of controlled substances, and states that it is mindful of its ongoing obligation. Under these circumstances, the Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding a specific item of Rule 404(b) evidence at the appropriate time.

    – Monique Smith's Motion For Pre-Trial Identification Of Phone Calls To Be Used In Government's Case-In-Chief (Docket No. 446), and the Government's Response (Docket No. 476). Through this Motion, the Defendant requests that the Court order the Government to identify, 30 days prior to trial, the recorded telephone calls it intends to introduce in its case-in-chief. In its Response (Docket No. 476), the Government indicates that it intends to disclose the recordings it may use in its case-in-chief 30 days prior to trial. Thus, this Motion is DENIED, as moot.

    – Monique Smith's Motion For Pre-Trial Early Disclosure Of Government Witnesses And Jencks Material (Docket No. 447), Memorandum Of Law In Support (Docket No. 448), and the Government's Response (Docket No. 476). Through this Motion, the Defendant requests that the Court order the Government to produce a list of witnesses, as well as Jencks Act material for those witnesses, 14 days prior to trial. In its Response, the Government indicates that it intends to

disclose Jencks material for its witnesses 14 days in advance of trial.

The Sixth Circuit has held that, in a non-capital case, the Government is not obliged to reveal a list of its witnesses in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). The Jencks Act, 18 U.S.C. § 3500, provides that the Government is not required to provide to the Defendant a statement made by a Government witness prior to the completion of the direct examination of that witness.[2] See also Fed. R. Crim. P. 26.2.

Accordingly, Defendant's Motion For Pre-Trial Early Disclosure Of Government Witnesses And Jencks Material (Docket No. 447) is DENIED. Defendant's request for Jencks Act material is moot in light of the Government's response, and production of a witness list by the Government prior to trial is not legally required.

– Defendant Monique Smith's Motion And Memorandum For Disclosure Of Impeaching Information (Docket No. 459), and the Government's Response (Docket No. 476). Through this

---

[2] Sections 3500(a) and (b) provide as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Motion, the Defendant requests that the Court order the Government to disclose by October 6, 2012, prior convictions, consideration, prior testimony and other potential impeachment information regarding all its witnesses. The Motion does not cite to any supporting rule or other authority, nor does it indicate that counsel has exerted good faith efforts to resolve discovery issues, as required by Local Criminal Rule 12.01. Under these circumstances, the Motion is DENIED. The Court notes, however, that the Government's Response (Docket No. 476) states that it intends to disclose impeachment materials 14 days before trial.

– Monique Smith's Motion For Pre-Trial Early Disclosure Of All Co-Conspirators' Statements (Docket Nos. 460, 463), and the Government's Response (Docket No. 476). Through this Motion, the Defendant requests that the Court order the Government to produce all co-conspirators' statements at least 14 days prior to trial. In its Response, the Government indicates that it intends to disclose co-conspirators' statements 14 days before trial. Therefore, this Motion is DENIED, as moot.

– Monique Smith's Motion To Require Government To Disclose And Unseal All Plea Agreements (Docket No. 462), and the Government's Response (Docket No. 476). Through this Motion, the Defendant requests that the Court order the Government to unseal and disclose all plea agreements it has made with Government witnesses in this case in advance of trial. In its Response, the Government indicates that it will disclose the requested information 14 days prior to trial. Thus, the Motion is DENIED, as moot.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE