UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STATES OF AMERICA          )
                                  )
v.                                )          NO. 3:11-00194
                                  )          JUDGE CAMPBELL
JESSIE LEE ALLEN, et al.          )


<u>ORDER</u>

The Court held a Pretrial Conference on September 25, 2012 during which the parties

were given an opportunity to comment on pending motions, and the parties have filed responses

and replies.  The Court rules on the following pending motions as set forth herein.

In his Motion in Limine No. 1 (Review of Government's Opening Demonstrative)

(Docket No. 739), Defendant Smith requests that the Court order the Government to allow the

Defendant to review the demonstrative aids the Government will use in its opening statement at

least five days before trial.  In its Response (Docket No. 790), the Government opposes the

Defendant's request, but offers to provide a preview of its opening statement after jury selection

if the Defendants agree to do the same.

The Motion is DENIED.  The parties may present an exhibit to the jury during opening

statements unless there is a known objection to the exhibit's admissibility.  The parties act at

their peril if they reference an exhibit during opening statement that is not later permitted to be

presented to the jury. <u>See</u>, <u>e.g.</u>, <u>United States v. Burns</u>, 298 F.3d 523, 543 (6th Cir. 2002)(An

opening statement is designed to allow each party to present an objective overview of the

evidence intended to be introduced at trial.)

Defendant Smith's Motion in Limine No. 2 (Disqualify Firearms "Expert") (Docket Nos. 740, 744) seeks to prohibit the Government's firearm expert from testifying that a Bulldog .44 handgun was not manufactured in Tennessee. According to the Defendant, the expert is not qualified to state this opinion because he has not examined the firearm. In its Response (Docket No. 781), the Government indicates that its expert will be able to provide an adequate foundation for his opinion.

The Sixth Circuit has held that the Government may prove the interstate nexus element of a federal firearms offense through the expert testimony of a properly qualified law enforcement officer. See, e.g., United States v. Vasser, 163 Fed. Appx. 374 (6th Cir. 2006). The Motion is RESERVED pending trial. The Defendant shall raise any objection to the qualifications and foundation for the offered testimony when the expert is offered by the Government.

Through his Motion in Limine No. 3 (Conversations Regarding Confinement) (Docket No. 741), Defendant Smith seeks to exclude evidence of conversations in which he discusses his confinement in prison and/or the Turney Center. In its Response (Docket No. 782), the Government argues that a call involving Defendant Smith is relevant to his participation in the alleged Vice Lords drug conspiracy. The Motion is DENIED, as Defendant's alleged statements on the call are relevant, and are more probative than prejudicial.

Defendant Smith has filed a Motion to Prohibit the Government From Referring to the Defendants Collectively Unless a Common Fact Applies to Every Defendant (Docket No. 743). The Government has filed a Response (Docket No. 792) in opposition to the Motion. The Motion is DENIED, as moot as Defendant Smith is the only Defendant going to trial on October 9, 2012.

Defendant Smith's Motion to Suppress Search Warrant (Docket No. 747) seeks suppression of any and all evidence seized or obtained as a result of a search warrant for his cellular telephone number (615) 587-7118. The Defendant contends that in the search warrant affidavit, FBI Special Agent Brett Shields made the following material misrepresentations: (1) during a search of the Defendant's house, he discovered over 100 grams of crack cocaine, when the forensic chemistry report shows that only 19.10 grams of crack coaine were found in the Defendant's house; and (2) "photographs" of the Defendant fanning out stacks of cash were seized from the Defendant's home when the Government has produced only one such photograph in discovery. The Defendant also argues that the affidavit improperly used statements made by the Defendant in court regarding a telephone message that threatened him with life in prison unless he brought the caller one million dollars. The Defendant believes Agent Shields used this statement as a pretext to search for evidence that had nothing to do with the call. Defendant seeks a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

In its Response (Docket No. 783), the Government argues that there were no material misrepresentations in the search warrant affidavit, and that it sufficiently set forth probable cause for a search of Defendant Smith's phone messages for extortion, gang activity, and drug dealing. The Government has filed the Search Warrant materials (Docket Nos. 783-1) as part of its Response.

In order to show he is entitled to a hearing on his claim, based on <u>Franks v. Delaware</u>, 483 U.S. at 156, the Defendant must make a substantial preliminary showing that: (1) specific false statements, made intentionally or with reckless disregard for the truth about material

3

matters, were included in a search warrant affidavit; and (2) those statements were necessary to a finding of probable cause. See United States v. Mastromatteo, 538 F.3d 535, 545 (6th Cir. 2008); United States v. Hill, 142 F.3d 305, 310 (6th Cir. 1998); United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). At the hearing, if the Defendant can establish the allegations of intentional falsehood by a preponderance of evidence, and exclusion of the false statements would leave the affidavit with insufficient information to establish probable cause, then the warrant is invalid, and the fruits of the search are excluded. Id. The Leon good-faith exception to the exclusionary rule does not apply to Franks-type situations. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677 (1984).

A probable cause determination by a judicial officer must be upheld if, "under the 'totality of the circumstances,' the issuing officer had a 'substantial basis' for finding probable cause." United States v. Hill, 142 F.3d 305, 310 (6th Cir. 1998)(quoting Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). Probable cause "requires 'only a probability or substantial chance of criminal activity.'" Id.; United States v. Bennett, 905 F.2d 931, 935 (6th Cir. 1990)(Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.").

The Search Warrant challenged by the Defendant was issued to Verizon Wireless for (615) 587-7118 to obtain "voice mail or text messages concerning extortion, attempts to engage in official corruption, demands for money from the defendant, or gang activity, membership or participation, or drug dealing," as well as "[r]ecords relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts." (Docket No. 783-1, at 17 of 17). The Search Warrant alleged that the evidence

related to violations of 18 U.S.C. § 242 (civil rights deprivation) and 21 U.S.C. §§ 841, 846 (drug trafficking). (Id.)

The supporting Affidavit by Agent Shields contains 27 paragraphs, and includes a description of the Vice Lords gang, the Defendant's role in the gang, and identification of the drug trafficking and firearm charges pending against the Defendant. (Docket No. 783-1, at 4 of 17). The Affidavit describes information provided by an informant, and states that the informant discussed gang matters, drugs and guns in recorded phone calls with Defendant Smith on the target phone. (Id.) The Affidavit also describes items found in a search of the Defendant's home, including "over 100 grams of crack cocaine," digital scales, approximately $2,900 in U.S. currency, "photographs of the defendant fanning out stacks of cash," and the target phone. (Id.) The Affidavit describes the Defendant's confession to being a leader in the Vice Lords gang, and a drug dealer. (Id., at 5 of 17). The Affidavit describes the Defendant's statement at a hearing regarding the extortion threat by law enforcement agents left as a saved voice mail message on the target phone. (Id.) The Affidavit refers to a statement made by the Defendant's wife as to the date of the voice mail threat, and references a recording of the voice mail provided to Agent Shields by the Defendant's attorney. (Id.) The Affidavit then goes on to explain that voice mail messages on the phone may include the referenced extortion phone call, and other phone calls involving drug dealing and gang participation. (Id., at 7 of 17).

Having reviewed the affidavit in its entirety, the Court concludes that the Defendant has failed to make the preliminary showing required to obtain a Franks hearing. In light of the Affidavit's discussion about the Defendant's confession to being a gang member and a drug dealer, the statements about the weight of the crack cocaine found at his house, and the number

5

of photographs of the Defendant fanning out stacks of cash, are not necessary to a finding of probable cause. Defendant's own in-court statements about an extortion voice mail on his phone, and Defendant's use of the phone in drug dealing, establish probable cause for the search of the phone records. In addition, the Affidavit supported a search relating to drug dealing and gang activity, as well as extortion, and therefore, Defendant's pretext argument is without merit. Accordingly, the Motion To Suppress Search Warrant (Docket No. 747) is DENIED.

Through his Motion to Suppress Evidence (Docket No. 749), Defendant Smith requests that the Court suppress all tangible evidence for which he has not received "chain of custody" reports. The Government has filed a Response (Docket No. 791) in opposition, and a Supplemental Response (Docket No. 817) indicating that the motion is moot. The Motion is DENIED as the Defendant has failed to cite authority for exclusion of evidence based on the failure of the Government to produce chain of custody reports to the Defendant during the discovery process. The Defendant should raise contemporaneous objections at trial to admission of any evidence for which he believes the Government has not complied with the Federal Rules of Evidence.

Defendant Smith's Motion to Prohibit Gun Display (Docket No. 751) seeks to require the Government to keep guns and weapons concealed in a box or tote unless the gun or weapon is being used. In its Response (Docket No. 784), the Government opposes the Motion. The Motion is GRANTED as follows: The Government may display the firearms during its opening statement and closing argument, and when questioning a witness about the firearms. At other times, the firearms should be appropriately stored. All exhibits admitted into evidence will be made available to the jury during its deliberations.

Defendant Smith's Motion in Limine No. 7 (Calls to/from 731-780-8126) (Docket No. 766) seeks to prohibit the Government from introducing evidence regarding calls to or from telephone number (731)780-8126 based on lack of relevance. In its Response (Docket No. 788), the Government argues that a call made by Defendant Smith from this number is relevant to his participation in the alleged Vice Lords drug conspiracy. The Motion is DENIED, as Defendant's alleged statements on the call at issue are relevant and are more probative than prejudicial.

Through separate Order (Docket No. 806), the Court granted Defendant Smith's motion to adopt the following motions filed by Co-Defendant Allen prior to his entry of a guilty plea: Defendant Allen's Motion In Limine No. 1 (Police Officers Testifying In Uniform) (Docket No. 724), Defendant Allen's Motion In Limine No. 3 (Lack Of Truthfulness) (Docket No. 726), and Defendant Allen's Motion In Limine No. 4 (Gang Expert) (Docket No. 752). Defendant Smith has now filed his own motions on the same issues: Docket Nos. 823, 825, and 826. To clarify the docket, the adopted motions (Docket Nos. 724, 726, and 752) shall be terminated by the Clerk and the Court will rule on the motions filed by Defendant Smith.

Through the Motion in Limine #10 (Police Officer's Testifying in Uniform) (Docket No. 826), Defendant Smith seeks to prohibit law enforcement officers from testifying in uniform unless they are otherwise "on duty" while testifying. In its Response (Docket No. 789), the Government opposes the Motion, but indicates that it will not request that any law enforcement witness wear his or her uniform when testifying if the witness would not normally do so. The Motion is GRANTED to the extent that the Government will be held to its representation to the Court and is otherwise denied. The jury charge will include an appropriate instruction regarding the credibility of Government witnesses.

Through the Motion in Limine #9 (Lack of Truthfulness) (Docket No. 825), Defendant Smith seeks to preclude the Government from introducing a witness's opinion of the Defendant's truthfulness or lack thereof. In its Response (Docket No. 777), the Government agrees that it will not introduce evidence of the Defendant's character and reputation for honesty unless the Defendant testifies or introduces proof of his reputation for being law-abiding. The Government argues that the Motion should otherwise be denied as too broadly stated. The Motion is DENIED, as too vague to be ruled on pretrial. The Defendant shall make contemporaneous objections at trial. The Court will enforce Federal Rule of Evidence 608.

Through the Motion in Limine No. 7 (Gang Expert) (Docket No. 823), Defendant Smith seeks to preclude the Government from advancing a gang expert at the trial of this matter. In its Response (Docket Nos. 785, 797), the Government argues that the inner workings of the Vice Lords gang is relevant and that its experts are properly qualified. The Motion is DENIED. The methods and history of the Vice Lords gang are relevant and will assist the jury. The Court finds that the Government's experts – Daly, Desarno, and Shields – are qualified under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), based on the Supplement filed by the Government. (Docket No. 797). If a witness testifies as to both facts and expert opinion, the Court will give an appropriate instruction to the jury.

It is so ORDERED.


_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE