UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:11-00194 |
| ) | JUDGE CAMPBELL |
| MONIQUE SMITH ) | |

MEMORANDUM AND ORDER

Pending before the Court is Monique Smith's Motion For Judgment Of Acquittal Or, In The Alternative, For A New Trial (Docket No. 910), and the Government's Response (Docket No. 932) opposing the Motion. For the reasons set forth herein, the Motion is DENIED.

After a week-long trial, the Defendant was convicted of certain firearms and drug trafficking crimes. (Docket Nos. 860, 863). Through the pending Motion, the Defendant contends that a judgment of acquittal, or alternatively, a new trial is warranted because the evidence was insufficient to support the convictions.

In reviewing a motion for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, a court must view the evidence in the light most favorable to the Government, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court may not independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. Id.

The jury found the Defendant guilty of engaging in a drug trafficking conspiracy in violation of 21 U.S.C. § 846, as charged in Count One of the Indictment. In order to sustain a conviction for participation in a drug conspiracy, the Government must prove the existence of an

agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 14.05; United States v. Walls, 293 F.3d 959, 967 (6th Cir. 2002). The agreement must be shown beyond a reasonable doubt, but the connection between the defendant and the conspiracy need only be slight. Id. "A tacit or material understanding among the parties to a conspiracy is sufficient to establish the agreement." Id. A conspiracy may be inferred from circumstantial evidence reasonably interpreted as participation in a common plan. Id.

Applying these elements to the evidence presented at trial, the Court concludes that the evidence was more than sufficient to support the jury's guilty verdict against the Defendant on the drug conspiracy count. The Defendant argues that two of the Government's witnesses, Stephanie Bayles and confidential informant Chris Wharton, were not credible, and there was no credible proof that the Defendant conspired to engage in drug trafficking. As set forth above, however, credibility determinations are for the jury, and the credibility of Mr. Wharton and Ms. Bayles was fully challenged by defense counsel in front of the jury. Notwithstanding any credibility concerns regarding these witnesses, there was substantial evidence to support the Defendant's conviction for engaging in a drug conspiracy.

The jury also found the Defendant guilty of distribution, and possession with intent to distribute, controlled substances, in violation of 21 U.S.C. § 841(a)(1), as charged in Counts Thirty, Thirty-Six, Forty-Two and Forty-Three of the Indictment. In order to sustain a conviction for distribution of a controlled substance, the Government must prove that: (1) the defendant knowingly distributed a controlled substance; and (2) at the time of distribution, he knew the substance was a controlled substance. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 14.02; United States v. Harris, 293 F.3d 970, 974 (6th Cir. 2002). In order to sustain a

2

conviction for possession with intent to distribute a controlled substance, the Government must prove that: (1) the defendant knowingly possessed a controlled substance; and (2) that he intended to distribute the controlled substance. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 14.01; United States v. Wettstain, 618 F.3d 577, 585 (6th Cir. 2010).

Applying these elements to the evidence presented at trial, the Court concludes that the evidence was more than sufficient to support the jury's guilty verdicts against the Defendant on the drug trafficking counts. The Defendant again argues that Chris Wharton's testimony as to these counts was not credible, and that there was reasonable doubt about the quantities of drug evidence found in his home, and whether it belonged to him. As set forth above, however, credibility determinations are for the jury, and there was substantial credible evidence to support the Defendant's convictions on the drug trafficking counts.

The jury also found the Defendant guilty of being a felon in possession of a firearm, and of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c), as charged in Counts Thirty-Two and Thirty-Three of the Indictment. In order to sustain a conviction for felon in possession of a firearm, the Government must prove that (1) the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant possessed a firearm; and (3) the possession was in or affecting interstate or foreign commerce. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 12.01; United States v. Gardner, 488 F.3d 700, 713 (6th Cir.2007); United States v. Harris, 2012 WL 3194485 (6th Cir. Aug. 7, 2012). In order to sustain a conviction for possessing a firearm in furtherance of a drug trafficking crime, the Government must prove: (1) the defendant committed a drug trafficking crime; (2) the defendant knowingly possessed a firearm; and (3) the possession of the firearm was in furtherance of the drug trafficking crime.

3

See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 12.03; United States v. Tyus, 379 Fed. Appx. 450, 451-52 (6th Cir. May 28, 2010).

Applying these elements to the evidence presented at trial, the Court concludes that the evidence was more than sufficient to support the jury's guilty verdicts against the Defendant on the firearms charges. The Defendant argues that there was reasonable doubt about whether the firearm possessed by him was the Bulldog .44 alleged in the Indictment. The evidence at trial, however, included the Defendant's own statements regarding possession of the Bulldog .44. There was substantial credible evidence to support the Defendant's conviction on the firearm counts.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court may grant a new trial to a defendant "if the interests of justice so require." When considering a motion under Rule 33, a court may weigh the evidence and assess the credibility of witnesses to insure that there is not a miscarriage of justice. United States v. Solorio, 337 F.3d 580, 589 n.6 (6th Cir. 2003); United States v. Ashworth, 837 F.2d 260, 266 (6th Cir. 1988).

Having weighed the evidence presented at the Defendant's trial, and considering the credibility of all the witnesses, the Court concludes that the interests of justice do not warrant a new trial in this case.

It is so ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE