# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cr-00194 |
| ) | |
| MONIQUE SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Monique Smith's Motion and Supplemental Motion for Compassionate Release. (Doc. Nos. 2173, 2178). The motions have been fully briefed, (Doc. Nos. 2191, 2193, 2202, 2204), and a decision on the merits is appropriate because Smith has exhausted available administrative remedies. (Doc. No. 2178 at 3). For the following reasons, Smith's motions will be denied.

The First Step Act of 2018 expanded a court's ability to grant compassionate release to certain federal prisoners under 18 U.S.C. § 3582(c). Such relief may now be warranted in cases where a prisoner, who has exhausted administrative remedies, files a motion and the court finds that a sentence reduction is warranted based on (1) "extraordinary and compelling reasons"; and (2) "any applicable § 3553(a) factors[.]" United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020). "[T]he compassionate release decision is discretionary, not mandatory." Id. at 1106. Exercising that discretion, the Court will deny Smith's request for the following reasons.

As an initial matter, the Court finds that Smith may show "extraordinary and compelling circumstances" in light of his obesity.[1] The Centers for Disease Control ("CDC") has determined that individuals with "certain underlying medical conditions are at increased risk for severe illness from the virus that causes COVID-19," CDC, People with Certain Medical Conditions, (August 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. This includes obesity, which "can make you more likely to get severely ill from COVID-19," and that the "risk of severe COVID-19 illness increases sharply with" an elevated body mass index (BMI). (Id.). The Government concedes that this condition, at least in instances where the vaccine has not been offered, qualifies as an extraordinary and compelling reason for compassionate release. (Doc. No. 2191 at 18).

But, as the Government points out, weighing against Smith's heightened risk of severe infection is that he has been vaccinated. (See Doc. No. 2178 at 3). This Court has found that an inmate's compassionate release compelling health reasons are diminished once vaccinated. See United States v. Olive, No. 3:12-cr-00048, 2021 U.S. Dist. LEXIS 180910, at *9 (M.D. Tenn. Sept. 22, 2021); see also United States v. Flenoy, No. 3:17-cr-00187, 2021 WL 3513870, at *5 (M.D. Tenn. Aug. 10, 2021); United States v. McGlother, No. 3:18-cr-00202, 2021 WL 3490026, at *5 (M.D. Tenn. Aug. 9, 2021). The Court sees no reason to depart from that logic here.

---

[1] Smith also argues that the he is eligible for a sentence reduction because he "had asthma as a child." (Doc. No. 2178 at 12). According to the CDC, asthma can make someone more likely "to get severely ill from COVID-19" if it is "moderate to severe." CDC, People with Certain Medical Conditions, (August 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. But here, there is nothing in the record that suggests Smith's asthma is still an issue for him in adulthood, let alone a sufficiently severe condition. Even then, asthma is relatively commonplace in the general population, and courts have declined to find that it constitutes an extraordinary and compelling reason for compassionate release. See United States v. Harris, No. 3:05-cr-00018-2, 2021 WL 325956, at *1–2 (M.D. Tenn. Feb. 1, 2021).

2

Second, the Court is not persuaded that a change in the sentencing laws is an extraordinary and compelling reason to reduce Smith's sentence in this case. Smith argues that the Court should reduce his sentence for several reasons. First, he argues that Congress has since amended 21 U.S.C. § 851 enhancements, under which he received an "extremely harsh" life sentence following trial that he would likely not receive today. (Doc. No. 2178 at 4–7). Second, he argues that, in light of United States v. Owens, the Court may consider "the disparity between a defendant's actual sentence and the sentence he would receive if the First Step Act applied." (Doc. No. 2193 at 2 (citing United States v. Owens, 996 F.3d 755, 758 (6th Cir. 2021)). And third, Smith argues that he "received a life sentence as a punishment for going to trial." (Doc. No. 2178 at 10). But each of these points are unavailing, as identical arguments have been rejected by this Court and the Sixth Circuit. "[A] § 3582 motion is not an avenue for a prisoner to seek a do-over of his sentencing." United States v. Majors, No. 3:09-cr-00047-4, 2021 WL 2809112, at *3 (M.D. Tenn. July 6, 2021) (internal citations and quotations omitted).

Nor does the First Step Act apply to defendants sentenced before its enactment on December 21, 2018. United States v. Henry, 983 F.3d 214, 220 (6th Cir. 2020). Here, Smith was sentenced on February 14, 2013. (See Doc. No. 1125). And although Smith points to case law where Congress's amendment to § 851 enhancements established a basis for an extraordinary and compelling reason, the Sixth Circuit has importantly not adopted this approach. Moreover, as this Court observed in Majors:

> Owens has since been called into question by both published and unpublished opinions of the Sixth Circuit because (1) it "does not follow Tomes' reasoning or holding that a non-retroactive First Step Act amendment fails to amount to an 'extraordinary and compelling' explanation for a sentencing reduction," and (2) earlier published opinions take precedent over new ones. United States v. Jarvis, –– F.3d ––––, ––––, 2021 WL2253235, at *4 (6th Cir. June 3, 2021); [see also United States v. Tomes, 990 F.3d 500, 505 (6th Cir. 2021)]. After all, according to the Sixth Circuit in Jarvis, "the text of th[e] sentencing statutes does not permit [a court]

3

to treat the First Step Act's non-retroactive amendment, whether by themselves or together with other factors, as 'extraordinary and compelling.'" Id. at *3 (citing Tomes, 990 F.3d at 505).

The law here simply does not allow Smith to make "a back door attempt" to skirt the First Step Act, as doing so "thwarts congressional intent in making the [Act] non-retroactive." United States v. Corona, 2021 WL 2345769, *3 (6th Cir. June 8, 2021).

Accordingly, and for the foregoing reasons, Smith's Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 2173, 2178) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE